{¶ 23} I respectfully dissent from the majority's finding that the evidence in this case was insufficient to support a conviction. I would affirm the conviction and overrule all three assignments of error.
 {¶ 24} I recognize and acknowledge the majority's analysis of both theMiller and Larkins decisions. Nevertheless, this case is controlled byState v. Jenks *Page 8 
(1991), 61 Ohio St.3d 259, and the application of circumstantial evidence to the facts.
 {¶ 25} The record in this case reveals that the officer was dispatched to the park to address reports of drug activity and that he also noted the males in question did not live in the area. The officer testified that he saw a hand-to-hand exchange of what appeared to be U.S. currency from Wilcox to an unknown male, followed by a near contemporaneous exchange of something to the unknown male by Williams. The unknown male then fled from the area.
 {¶ 26} While the above facts alone would be insufficient to establish a drug transaction, the facts do not end there. Wilcox was subsequently detained, and $515 was recovered from his person. Also, a discarded bag containing 14 individually packaged bags of marijuana and some loose marijuana was discovered near Williams. Further, Williams eventually admitted that the drugs were his. These additional facts, coupled with Officer Woyma's testimony about the role of a "bank" in drug transactions, place the initial facts in an entirely different context.
 {¶ 27} Although the majority is correct that it would be far better to have the "buyer" to more completely connect the dots, the circumstantial evidence submitted in this case is nevertheless legally sufficient to support the conviction.
 {¶ 28} "[P]roof of guilt may be made by circumstantial evidence as well as by real evidence and direct or testimonial evidence, or any combination of these three classes of evidence. All three classes have equal probative value, and circumstantial evidence has no less value than the others. *** Since circumstantial *Page 9 
evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt. Nothing more should be required of a factfinder." Jenks, supra.
 {¶ 29} In my view, the key factors that warrant upholding the conviction are the reports of drug activity in the park area, the observation by the officer of males present who did not live in the area, the observation of two hand-to-hand exchanges in close proximity, the description by the officer of the use of a "bank" by drug traffickers, the rapid departure of the purported "buyer" from the area, the discarding and recovery of fourteen individually wrapped marijuana packets from Williams, and the recovery of $515 in cash from Wilcox.
 {¶ 30} These facts could be evaluated by the jury and are legally sufficient, in my view, to establish the offense of drug trafficking beyond a reasonable doubt. *Page 1